COPY

NO. _____
A.M. _____ FILED _____ P.M.

**AUG 2 9 2014**

CHRISTOPHER D. RICH, Clerk
By STEPHANIE VIDAK
DEPUTY

**GREG H. BOWER**
ADA COUNTY PROSECUTING ATTORNEY

**GENE A. PETTY**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID  83702
(208) 287-7700
(208) 287-7719 (facsimile)
ISB Nos. 6831

ACSO CIVIL AUG29'14PM 2:34

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| IN THE MATTER OF DISABILITY RIGHTS IDAHO, INC.'S REQUEST FOR ADA COUNTY CORONER RECORDS RELATING TO THE DEATH OF D.T. | ) ) ) ) ) ) ) | Case No. **CV OT 1416560**  **COMPLAINT FOR DECLARATORY RELIEF** |

COME NOW, Ada County and the Ada County Coroner, pursuant to Idaho Code § 10-1201 *et seq.*, the Uniform Declaratory Judgment Act, and Idaho Rule of Civil Procedure 57 and seek a declaratory judgment against Disability Rights Idaho, Inc. as follows:

I.

<u>JURISDICTION AND VENUE</u>

1.     Ada County is a political subdivision of the State of Idaho, as it exists pursuant to Title 31, Chapters 1, 6, 7, and 8 of the Idaho Code.

2.     The Ada County Coroner is the elected coroner of the County of Ada whose authority is established in Title 31, Chapter 28 of the Idaho Code.

3.     Disability Rights Idaho, Inc. ("DRI") is an Idaho corporation doing business in Ada County, state of Idaho.

4.     Pursuant to Idaho Code § 5-514, this Court possesses personal jurisdiction over the parties.

5.     Venue is proper in Ada County pursuant to Idaho Code § 5-404.

6.     Pursuant to Idaho Code §§ 10-1201, *et seq.*, this Court is entitled to determine the respective obligations of the parties under Idaho and federal statutes and regulations and to enter a declaratory judgment in accordance with its determination.

II.

GENERAL ALLEGATIONS

7.     On May 29, 2014, DRI sent a letter to the Ada County Coroner demanding "autopsy reports, coroners' reports, inquest transcripts, investigative reports, medical and toxicology reports, and other records or documents that were reviewed or relied upon in reaching the conclusions and findings concerning [D.T's] death." DRI asserted that federal laws authorize it "to access a broad array of records and information related to deaths and other serious incidents involving individuals with disabilities." It claimed that it "is the final arbiter regarding a determination of probable cause for purposes of triggering our authority to access records." It further asserted that a release was not necessary because D.T. had died. This letter is attached hereto as Exhibit A and has been redacted to remove D.T.'s name and date of death.

8.     On June 25, 2014, the Ada County Coroner's Office denied DRI's request and advised that the investigation into the death of D.T. was ongoing and that releasing the records might interfere with or jeopardize that investigation. The Ada County Coroner's Office also expressed concern that releasing these records may violate D.T.'s privacy rights under the

COMPLAINT FOR DECLARATORY RELIEF- PAGE 2
g:\gap\misc litigation\disability rights\pleadings\complaint for declaratory relief.doc

Fourteenth Amendment to the United States Constitution and Idaho law.   The Ada County Coroner's Office expressed its concern that releasing these records could subject Ada County to liability.   The Ada County Coroner's Office also stated that the court is the final arbiter of whether DRI has a factual basis for its unsupported assertion that it has probable cause to investigate.  This letter is attached hereto as Exhibit B and has been redacted to remove D.T.'s name and date of death.

9.      On July 7, 2014, DRI wrote a letter to the Ada County Coroner asking to be notified when the investigation into the death of D.T. was completed.  A copy of this letter is attached hereto as Exhibit C and has been redacted to remove D.T.'s name and date of death.

10.     On July 8, 2014, the Ada County Coroner advised DRI that the investigation into D.T.'s death was complete and provided DRI with a copy of the Coroner's Public Information Report. A copy of this letter and attachment are attached hereto as Exhibit D and have been redacted to remove D.T.'s name, city of residence, age, date of death, and gender.

11.     On July 21, 2014, counsel for DRI wrote a letter to counsel for the Ada County Coroner's Office.  In that letter, DRI stated that it disagreed with the Ada County Coroner's decision not to release the records requested.  It advised that "[w]e do not dispute that the Coroner may seek judicial review."  DRI again asserted that it is the final arbiter of whether probable cause exists and that determination authorizes it to access Ada County Coroner records. The letter claimed that the Ada County Coroner cannot prevent DRI from accessing records related to D.T.'s death.  DRI then stated if these records are not provided it may file a lawsuit against the Ada County Coroner.  A copy of this letter is attached hereto as Exhibit E and has been redacted to remove D.T.'s name and date of death.

12.     On July 23, 2014, counsel for DRI wrote another letter to counsel for the Ada County Coroner, which cited additional statutes and regulations which DRI claimed supported its assertion that these records must be disclosed and that DRI has certain confidentiality requirements under federal law.  A copy of this letter is attached hereto as Exhibit F and has been redacted to remove D.T.'s name and date of death.

13.     On August 5, 2014, counsel for the Ada County Coroner responded to the letters from DRI's attorney.  In that letter, counsel for the Ada County Coroner advised DRI that the Ada County Coroner's Office "continues to have serious concerns about disclosing the coroner's records relating to [D.T.]"  The statutes and regulations cited by DRI do not appear to apply to the records requested because the Ada County Coroner is not statutorily charged with overseeing or operating facilities that care for patients with disabilities.

14.     In addition, counsel for the Ada County Coroner explained that the Ada County Coroner's Office continues to be concerned that disclosure of these records may violate the privacy rights of D.T., D.T.'s family, and individuals who interacted with D.T. and that disclosing the records may subject Ada County to liability since people involved in a coroner's report and investigation enjoy a constitutional right to privacy to avoid disclosure of personal matters.  Under the 9th Circuit's precedent, this privacy right extends to medical information.  Counsel for the Ada County Coroner also informed DRI that "[d]ue to the sensitive nature of these records and the constitutional implications of disclosure, it is the Ada County Coroner's policy not to release such records without a court order or permission from any person whose privacy rights are at risk."  A copy of this letter is attached hereto as Exhibit G and has been redacted to remove D.T.'s name.

15.    On August 13, 2014, counsel for DRI wrote counsel for the Ada County Coroner and stated that he agreed there were no published decisions holding that coroners must disclose records to DRI. DRI provided a 2003 unpublished Wisconsin decision. Counsel for DRI again mentioned the possibility of DRI filing a lawsuit against the Ada County Coroner. A copy of this letter is attached hereto as Exhibit H. A copy of the unpublished Wisconsin decision is also attached hereto as Exhibit I.

16.    DRI and the Ada County Coroner disagree as to whether the Ada County Coroner is legally required to provide DRI with the requested records.

17.    The Ada County Coroner asserts that he is not required to comply with DRI's request for access to the records related the death of D.T.

18.    The Ada County Coroner also asserts that providing DRI with the requested records would violate the state and federal privacy rights of D.T., D.T.'s family, and any individual who interacted with D.T.

**WHEREFORE**, Ada County and the Ada County Coroner pray for judgment in their favor as follows:

A.    That a Declaratory Judgment be entered in this matter holding that:

The Ada County Coroner is not required by state or federal law to provide DRI records relating to D.T.'s suicide including, but not limited to, autopsy reports, coroners' reports, inquest transcripts, investigative reports, medical and toxicology reports, or other records or documents that were reviewed or relied upon in reaching the conclusions and findings concerning D.T.'s death. Furthermore, that providing these Ada County Coroner records to DRI would

violate the privacy rights of D.T., D.T.'s family, or individuals who interacted with D.T.

B.     For an award of costs and fees pursuant to Idaho Code §§ 10-1210, 12-117, 12-120, 12-121, and other applicable federal and state laws and/or Rules of Civil Procedure.

C.     For other such relief as the Court deems just and proper.

**DATED** this 29th day of August, 2014.

GREG H. BOWER
Ada County Prosecuting Attorney

By: _____

Gene A. Petty
Deputy Prosecuting Attorney

COMPLAINT FOR DECLARATORY RELIEF- PAGE 6
g:\gap\misc litigation\disability rights\pleadings\complaint for declaratory relief.doc