John C. Hummel
DISABILITY RIGHTS IDAHO, INC.
Email: *john@disabilityrightsidaho.org*
Idaho State Bar No. 3646
4477 Emerald Street, Suite B-100
Boise, Idaho 83706
Telephone: (208)336-5353, ext. 123
Fax: (208)336-5396

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN THE MATTER OF DISABILITY RIGHTS IDAHO, INC.'S REQUEST FOR ADA COUNTY CORONER RECORDS RELATED TO THE DEATH OF D.T.<br>_____ | Case No. 1:14-CV-369-CWD |
| ERWIN SONNENBERG, in his official capacity as ADA COUNTY CORONER, and ADA COUNTY, | |
| Plaintiffs, | ANSWER OF DISABILITY RIGHTS IDAHO, INC. TO COMPLAINT FOR DECLARATORY RELIEF DATED AUGUST 29, 2014 |
| vs. | |
| DISABILITY RIGHTS IDAHO, INC., an Idaho nonprofit corporation, | |
| Defendant.<br>_____ | |
| DISABILITY RIGHTS IDAHO, INC., an Idaho nonprofit corporation, | |
| Counter-Plaintiff, | COUNTERCLAIM OF DISABILITY RIGHTS IDAHO, INC. AGAINST ERWIN SONNENBERG, ADA COUNTY CORONER |
| vs. | |
| ERWIN SONNENBERG, in his official capacity as ADA COUNTY CORONER, | |
| Counter-Defendant.<br>_____ | |

## ANSWER

The Defendant DISABILITY RIGHTS IDAHO, INC. (hereinafter, "DRI")
answers the Complaint for Declaratory Relief by Plaintiffs ADA COUNTY and the ADA
COUNTY CORONER, dated August 29, 2014, as follows:

Answers to Complaint Allegations

1.     DRI denies each and every allegation of the complaint not expressly
admitted herein.

2.     DRI admits paragraphs 1, 2, and 3 of the complaint.

3.     DRI admits paragraph 4 in part only to the extent that it was proper
for the District Court of the Fourth Judicial District of the State of Idaho, in and for
the County of Ada (hereinafter, "Ada County Court") to exercise personal
jurisdiction over the parties at the time the complaint was filed on August 29, 2014.
Because DRI removed this case to this Court on September 8, 2014 pursuant to the
provisions of 28 U.S.C. §1441(a), DRI denies the remainder of paragraph 4 to the
extent that it suggests that the personal jurisdiction continues to be proper in the
Ada County Court following the removal of this action to this Court. In support of
this denial, DRI affirmatively asserts that this Court possesses personal jurisdiction
over the parties to this matter pursuant to 28 U.S.C. §1331.

4.     DRI admits paragraph 5 of the complaint in part only to the extent
that the Ada County Court was the appropriate venue at the time the complaint was
filed on August 29, 2014. Because DRI removed this case to this Court on
September 8, 2014 pursuant to the provisions of 28 U.S.C. §1441(a), DRI denies
the remainder of paragraph 5 to the extent that it suggests that venue continues to

ANSWER AND COUNTERCLAIM – PAGE 2

be proper in the Ada County Court following the removal of this action to this Court. In support of this denial, DRI affirmatively asserts that venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

5.     DRI denies paragraph 6 of the complaint.

6.     DRI admits paragraph 7 of the complaint.

7.     DRI admits paragraph 8 of the complaint in part that the Coroner sent DRI the letter dated June 25, 2014 attached as Exhibit B to the complaint. DRI denies the remainder of paragraph 8 and specifically denies the validity of the legal conclusions asserted in both paragraph 8 and the letter of June 25, 2014.

8.     DRI admits paragraphs 9, 10, 11, and 12 of the complaint.

9.     DRI admits paragraph 13 of the complaint in part that counsel for the Coroner sent DRI the letter dated August 5, 2014 attached as Exhibit G to the complaint. DRI denies the remainder of paragraph 13 and specifically denies the validity of the legal conclusions asserted in both paragraph 13 and the letter of August 5, 2014.

10.     DRI admits paragraph 14 of the complaint in part that it accurately reflects that the Coroner stated in the letter of August 5, 2014 that the Coroner continued to have concerns about disclosing the requested records to DRI. DRI denies the remainder of paragraph 14 and specifically denies the validity of the legal conclusions asserted in both paragraph 14 and the letter of August 5, 2014.

11.     DRI admits paragraph 15 and 16 of the complaint.

12.     DRI denies paragraphs 17 and 18 of the complaint.

ANSWER AND COUNTERCLAIM – PAGE 3

<u>Affirmative Defenses</u>

13.    <u>Real Party in Interest.</u> Ada County is not a real party in interest to this controversy because at no relevant time has said party had any involvement, interest or stake in the events or the alleged controversy described in the complaint, thus this Court should dismiss Ada County as a party plaintiff to this action pursuant to Fed. Rule. Civ. P. §12(b)(6) and §17(a).

14.    <u>Failure to State a Claim Upon Which Relief Can Be Granted.</u> The complaint fails to state a claim upon which relief can be granted and this Court should dismiss the complaint in its entirety pursuant to 28 U.S.C. §§2201-02 and Fed. Rule. Civ. P. §12(b)(6) because it fails to present an actual controversy that is required for the entry of declaratory relief. Although the complaint asserts in paragraph 8 that providing DRI with the records in question would "violate the state and federal privacy rights of D.T., D.T.'s family, and any individual who interacted with D.T." nevertheless the complaint fails to assert that either the Ada County Coroner or Ada County would suffer any legal jeopardy or legal liability whatsoever due to the release of coroner's records to DRI, nor does the complaint assert that there are any legal obligations or duties between the parties that are in danger of being violated in the absence of declaratory relief. The complaint should be further dismissed under Fed. Rule. Civ. P. §12(b)(6) because it is not a "well-plead" complaint and thereby fails to state factual allegations sufficient to provide the grounds for entitlement to declaratory relief.

15.    <u>Lack of Standing</u>. Ada County and the Ada County Coroner lack standing pursuant to Article III, Section 2, Clause 1 of the United States

ANSWER AND COUNTERCLAIM – PAGE 4

Constitution to assert the constitutional or other legal privacy rights of third parties. This Court should dismiss the complaint in its entirety for failure to present an actual case or controversy pursuant to Fed. Rule. Civ. P. §12(b)(1) and §12(b)(6) because the complaint fails to allege an invasion of a legally protected interest of either Ada County and the Ada County Coroner that is concrete and particularized, and actual or imminent, not merely speculative, conjectural or hypothetical. Furthermore, the complaint fails to assert a causal connection between any alleged injury to either Ada County or the Ada County Coroner that is fairly traceable to DRI, and not the result of the independent action of third parties not before the Court.

16.    <u>Defendant's Legal Authority</u>. At all relevant times DRI was legally authorized to request and receive records from the Ada County Coroner related to the death of D.T. because DRI is the designated Protection and Advocacy System (hereinafter, "P & A System") authorized pursuant to the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI), 42 U.S.C. §10801 *et seq.* and the implementing federal regulations for PAIMI, 42 C.F.R. Part 51.

17.    <u>Privacy Protection.</u> At all relevant times DRI as the P & A System for the State of Idaho was legally required to strictly maintain the confidentiality of records obtained in connection with the investigation of the death of D.T., including any records obtained from the Ada County Coroner, pursuant to the provisions of PAIMI 42 U.S.C. §10806(a) and 42 C.F.R. §51.45(a), thus the alleged concerns of the Ada County Coroner that the disclosure of such records to DRI would violate the

ANSWER AND COUNTERCLAIM – PAGE 5

privacy rights of D.T. or other third persons are wholly unfounded as a matter of law.

## COUNTERCLAIM

DRI counterclaims against the ADA COUNTY CORONER as follows:

<u>INTRODUCTION</u>

18.    DRI brings this counterclaim for injunctive and declaratory relief to challenge the refusal of the Ada County Coroner to provide timely access to the records of an investigation of the suicide of D.T., an individual with mental illness, in violation of the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI), 42 U.S.C. § 10801 *et seq*. and 42 U.S.C. § 1983.

19.    DRI is the Protection and Advocacy System (hereafter "P & A System") for the State of Idaho. According to PAIMI, 42 U.S.C. § 10801 *et seq.*, DRI is authorized as one if its responsibilities as the P & A System to conduct investigations into incidents of possible abuse, possible neglect, injury or death of individuals with mental illnesses. This investigatory authority is triggered when DRI determines that there is probable cause to believe that an individual with mental illness may have been subject to abuse, neglect or injury. When conducting investigations into deaths of individuals with mental illness, DRI is empowered by PAIMI to have access to all records of that individual, including reports and supporting documents made or used by agencies charged with investigating incidents of abuse, neglect and injury.

ANSWER AND COUNTERCLAIM – PAGE 6

20.    Pursuant to state law, I.C. §19-4301, the office of the Ada County Coroner is an agency charged with investigating suicides and suspicious deaths in Ada County.

21.    The Ada County Coroner's refusal to provide prompt access to the requested records has substantially impaired DRI's ability to complete a thorough, effective and timely investigation of the suicide of D.T.

22.    The Ada County Coroner's refusal to provide access to the requested records constitutes a violation of federal law.

<u>JURISDICTION AND VENUE</u>

23.    <u>Jurisdiction</u>. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1331 and §1343(a)(3) as this action arises under 42 U.S.C §§10801-10827, 42 C.F.R. §51.41, and 42 U.S.C. §1983.

24.    <u>Venue.</u> Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b) because the offices of the parties are located in and all of the events and omissions giving rise to this counterclaim occurred in Ada County, Idaho.

<u>STATUTORY PROVISIONS</u>

25.    28 U.S.C. §§2201-02 (FDJA), 42 U.S.C. §1983, and 42 U.S.C. §10805 and §10807 (PAIMI) authorize this counterclaim.

26.    The findings and purposes of the United States Congress, in passing PAIMI, 42 U.S.C. §10801 *et seq*., as set forth in 42 U.S.C. §10801, include in pertinent part the following:

(a) The Congress finds that –
        (1) individuals with mental illness are vulnerable to abuse and serious injury
    ...

ANSWER AND COUNTERCLAIM – PAGE 7

(4) State systems for monitoring compliance with respect to the rights of individuals with mental illness vary widely and are frequently inadequate.

(b) The purposes of this chapter are –

(1) to ensure that the rights of individuals with mental illness are protected; and

(2) to assist States to establish and operate a protection and advocacy system for individuals with mental illness which will –

...

(B) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred.

27.    Congress specified the investigatory authority of protection and

advocacy systems in 42 U.S.C. § 10805 in pertinent part as follows:

(a) A system established in a State under section 10803 of this title shall –

(1) have the authority to –

(A) investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred

...

(4) In accordance with section 10806 of this title, have access to all records of

...

(B) any individual (including an individual who has died or whose whereabouts are unknown) –

(i) who by reason of the mental or physical condition of such individual is unable to authorize the system to have such access;

(ii) who does not have a legal guardian, conservator, or other legal representative, or for whom the legal guardian is the State; and

(iii) with respect to whom a complaint has been received by the system or with respect to whom as a result of monitoring or other activities (either of which may result from a complaint or other evidence) there is probable cause to believe that such an individual has been subject to abuse or neglect...

ANSWER AND COUNTERCLAIM – PAGE 8

28.    PAIMI includes a description of the types of records to which the

protection and advocacy system must be granted access in 42 U.S.C. §10806 in

pertinent part as follows:

> (b)(3)(A) As used in this section, the term "records" includes ...
> reports prepared by an agency charged with investigating incidents of
> abuse, neglect, and injury occurring at such a facility that describe
> incidents of abuse, neglect and injury occurring at such facility and
> the steps taken to investigate such incidents ...

29.    Federal regulations implementing PAIMI further specify the access to

records authority as set forth in 42 C.F.R. § 51.41 in pertinent part as follows:

> (a) Access to records shall be extended promptly to all
> authorized agents of a P&A system
> ...
> (c) Information and individual records, whether written or in
> another medium, draft or final, including handwritten notes, electronic
> files, photographs or video or audio tape records, which shall be
> available to the P&A system under the Act shall include but not be
> limited to
> ...
> > (2) Reports prepared by an agency charged with
> > investigating abuse, neglect, or injury occurring at a facility rendering
> > care and treatment, or by or for the facility itself, that describe any or
> > all of the following:
> > > (i) Abuse, neglect or injury occurring at the facility;
> > > (ii) The steps taken to investigate the incidents
> > ...
> > > (iv) Supporting information that was relied upon in
> > creating a report, including all information and records used or
> > reviewed in preparing reports of abuse, neglect or injury such as
> > records which describe persons who were interviewed, physical and
> > documentary evidence that was reviewed, and the related
> > investigative findings.

## PARTIES

30.    <u>DISABILITY RIGHTS IDAHO, INC. (Counter-Plaintiff).</u> DRI is a

nonprofit, charitable 501(c)(3) corporation organized in Idaho on July 6, 1977

under its previous name of "Comprehensive Advocacy, Inc." On June 29, 2009

Comprehensive Advocacy, Inc. amended its articles of incorporation to change the corporation's name to its current name of Disability Rights Idaho, Inc. Since the corporation's founding in 1977, the State of Idaho has continuously designated DRI to protect and advocate on behalf of people with disabilities pursuant to federal law. Because the State of Idaho receives federal funds under the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§6021-30, it is required to "have in effect a system to protect and advocate the rights of individuals with developmental disabilities." 42 U.S.C. §6042(a). DRI is also the "eligible system" under PAIMI, 42 U.S.C. §10802(2). DRI has a mandate and authority to investigate abuse and neglect of people with disabilities in the State of Idaho under these laws. DRI spends considerable time and resources monitoring conditions at various institutions providing services to people with disabilities, including mental illness, within the State of Idaho, and in advocating for the rights of the people residing in those institutions. These facilities have included and will continue to include several located within Ada County. DRI is a nonprofit, public interest law firm under the direction of James R. Baugh as Executive Director with staff that includes attorneys, non-attorney advocates, and administrative staff.

      31.   <u>ERWIN SONNENBERG, ADA COUNTY CORONER (Counter-Defendant).</u>
Erwin Sonnenberg, the Ada County Coroner, is the duly elected Coroner of Ada County, Idaho, pursuant to the Idaho Constitution, Article XVIII, Section 6, and Title 31, Chapter 28, Idaho Code. Pursuant to I.C. §19-4301, the Ada County Coroner has the duty to investigate and conduct inquests concerning deaths in Ada County that occur as a result of violence, including suicide death, or deaths that

ANSWER AND COUNTERCLAIM – PAGE 10

occur under suspicious or unknown circumstances. The Ada County Coroner leads and directs an office that includes forensic medical staff, medico-legal investigators, administrative staff, and medical consultants. The office of the Ada County Coroner has its own forensic laboratory and employs a forensic pathologist to perform autopsies. The Ada County Coroner also officially records and certifies death certificates to reflect the cause and manner of deaths that occur in Ada County. The Ada County Coroner and his office completed, currently possess and presently maintain records relating to an investigation of the death of D.T. At all times relevant to this action, the Ada County Coroner was operating under the color of state law in his official capacity as a representative of a public entity and within the scope of his public employment.

FACTS

32.    D.T. was a patient involuntarily committed at an inpatient psychiatric hospital (hereinafter, the "hospital") located in the City of Boise, Ada County, in or about March 2014.

33.    In or about March 2014, D.T. committed suicide while receiving psychiatric care and treatment at the hospital.

34.    In or about March 2014, DRI received a report that a patient with mental illness had died in the hospital and that the cause of the patient's death was suicide. The identity of the patient as D.T. was unknown to DRI at this time. Thereafter, DRI made inquiries of various agencies and entities, including the Boise Police Department, Idaho Department of Health and Welfare, and the hospital, to determine the identity of the patient and to confirm whether a suicide had occurred.

ANSWER AND COUNTERCLAIM – PAGE 11

35.     On May 27, 2014, the hospital disclosed to DRI the identity of D.T. as the patient who had died in its facility due to suicide. The hospital also provided DRI with confidential patient records related to the psychiatric care and treatment of D.T. at the hospital and the circumstances of D.T.'s death.

36.     Based upon the information, records and reports made known to DRI and upon DRI's experience in investigating deaths in inpatient psychiatric facilities, DRI determined that D.T. was an individual with a mental illness and that there was probable cause to believe that D.T.'s death may have resulted from abuse or neglect. DRI, therefore, commenced an investigation of the circumstances of D.T.'s death, which is still ongoing.

37.     As part of its investigation into the suicide of D.T., DRI requested investigatory records, including a copy of the autopsy report concerning D.T., from the Ada County Coroner on May 29, 2014. A true and correct copy of DRI's letter of request, with appropriate privacy redactions, is attached to this counterclaim as Exhibit "A" and is incorporated herein by reference.

38.     On June 25, 2014, the Ada County Coroner responded to DRI's request for records by letter. A true and correct copy of that letter, with appropriate privacy redactions, is attached to this counterclaim as Exhibit "B" and is incorporated herein by reference. The response letter stated that the Ada County Coroner would not provide the requested records because an investigation into the death of D.T. was still ongoing and that disclosure of the records may violate the privacy rights of D.T. and others. The response letter further denied that DRI had authority under PAIMI to request and receive the documents.

ANSWER AND COUNTERCLAIM – PAGE 12

39.     On July 7, 2014, DRI wrote to the Ada County Coroner in response to the Coroner's letter dated June 25, 2014. A true and correct copy of that letter, with appropriate privacy redactions, is attached to this counterclaim as Exhibit "C" and is incorporated herein by reference. In the letter DRI stated that it did not wish to interfere with any ongoing investigation of the Ada County Coroner related to the death of D.T. and requested that the Coroner inform DRI when the investigation was complete.

40.     On July 8, 2014, the office of the Ada County Coroner responded to DRI's letter of July 7, 2014. A true and correct copy of that letter, with appropriate privacy redactions, is attached to this counterclaim as Exhibit "D" and is incorporated herein by reference. The letter advised DRI that the investigation into the death of D.T. was complete and enclosed a copy of a public information report regarding the matter.

41.     On July 21 and 23, 2014, DRI wrote letters to the legal counsel for the Ada County Coroner. True and correct copies of those letters, with appropriate privacy redactions, are attached to this counterclaim as Exhibit "E" and "F" respectively and are incorporated herein by reference. In the letters, DRI advised legal counsel for the Ada County Coroner that PAIMI, its implementing regulations, and applicable case law authorized the disclosure of the coroner's records to DRI. The letters renewed DRI's request for records and advised that DRI would consider its legal remedies in the event that the Coroner refused to provide the requested records.

ANSWER AND COUNTERCLAIM – PAGE 13

42.     On August 5, 2014, legal counsel for the Ada County Coroner responded to the letters of July 21 and 23, 2014. A true and correct copy of that letter, with appropriate privacy redactions, is attached to this counterclaim as Exhibit "G" and is incorporated herein by reference. In this letter, legal counsel for the Ada County Coroner again denied DRI's request for records, reasserted the Coroner's position that coroner records were not subject to disclosure under PAIMI, and restated that privacy concerns required denial of DRI's request.

43.     On August 13, 2014, DRI responded to the letter of legal counsel for the Ada County Coroner. A true and correct copy of that letter, with appropriate privacy redactions, is attached to this counterclaim as Exhibit "H" and is incorporated herein by reference. The letter renewed DRI's request for the records in question and asserted that an unpublished federal court case decision supported DRI's legal position.

44.     To date the Ada County Coroner has refused to provide access to the records in response to DRI's repeated requests. The Ada County Coroner has further refused to acknowledge DRI's right to have access to these records under federal law.

45.     As a further part of its investigation into the suicide of D.T., DRI has requested and received relevant records and information from the Boise Police Department and the hospital, among other entities, in addition to the records requested but not received from the Ada County Coroner. Only the Ada County Coroner denied the requested access.

ANSWER AND COUNTERCLAIM – PAGE 14

COUNT ONE

Claim for Relief Under 42 U.S.C. §10801 *et seg.*

46.    DRI hereby re-alleges and reasserts paragraphs 18 through 45, above, as if fully set forth herein.

47.    Pursuant to PAIMI, 42 U.S.C. §10801 *et seq.*, DRI is the designated Protection and Advocacy System of the State of Idaho charged with investigating incidents of abuse and neglect of individuals with mental illness.

48.    D.T. was an "individual with a mental illness," eligible for DRI services, pursuant to 42 U.S.C. §10802(4) and 42 C.F.R. §51.2.

49.    The hospital was a "facility rendering care and treatment" pursuant to 42 U.S.C. §10802(3) and 42 C.F.R. §51.2.

50.    The Ada County Coroner's position is created by the Idaho Constitution, and pursuant to I.C. §19-4301 is charged with investigation of deaths, including suicides, in Ada County.

51.    Records pertaining to the investigation of the death of D.T. in the possession of the Ada County Coroner are "records," pursuant to 42 U.S.C. §10805(4), are "information and individual records," pursuant to 42 C.F.R. §51.41(c), and are reports and supporting information prepared or used by an agency charged with investigating abuse, neglect or injury which occurred at a facility rendering care and treatment, pursuant to 42 U.S.C. §10806(b)(3)(A) and 42 C.F.R. §51.41(c)(2).

52.    DRI and its authorized agents must be provided with "prompt" access to the records referenced in paragraph 51 upon request. 42 C.F.R. §51.41(a).

ANSWER AND COUNTERCLAIM – PAGE 15

53.     Despite numerous requests from DRI, the Ada County Coroner has repeatedly refused to acknowledge DRI's authority under PAIMI and has repeatedly refused to allow DRI to have access to these records under PAIMI and its regulations.

54.     The Ada County Coroner's refusal to acknowledge DRI's authority under PAIMI and to provide DRI with prompt access to the requested records in this matter prevents DRI from fully performing its statutory duty to investigate incidents of suspected abuse, neglect, and injury and to seek remedies to protect the rights of persons with disabilities. This causes immediate and irreparable harm to DRI and the people with disabilities DRI is designated to protect.

55.     DRI has no adequate remedy at law and continues to suffer irreparable harm as a result of the Ada County Coroner's actions and inactions.

56.     The Ada County Coroner's actions and inactions in refusing to promptly provide DRI with all the records it has requested relating to the investigation of the death of D.T. violate DRI's statutory rights under PAIMI, 42 U.S.C. §10801 *et seq*.

57.     Due to the Ada County Coroner's violations of PAIMI, DRI is entitled to declaratory and injunctive relief, attorney fees and costs, and other relief, as set forth in the Prayer for Relief below.

COUNT TWO

Claim for Relief Under 42 U.S.C. §1983

58.     DRI hereby re-alleges and reasserts paragraphs 18 through 45, above, as if fully set forth herein.

ANSWER AND COUNTERCLAIM – PAGE 16

59.    42 U.S.C. §1983 provides relief for persons who, under color of state law, have been deprived of any rights, privileges or immunities secured under federal law.

60.    The Ada County Coroner's actions, inactions, practices, policies and procedures, as set forth herein, violated DRI's statutory rights under PAIMI, 42 U.S.C. §10801 *et seq.*, thereby depriving DRI of rights, privileges or immunities secured under federal law.

61.    The Ada County Coroner undertook actions, inactions, practices, policies and procedures, as asserted herein, under color of state law.

62.    In refusing to comply with DRI's records requests, as asserted herein, the Ada County Coroner undertook actions and inactions knowingly, intentionally or with deliberate indifference and willful and callous disregard of DRI's rights under PAIMI, 42 U.S.C. §10801 *et seq.*

63.    Due to the violation of DRI's statutory rights by the Ada County Coroner's actions, inactions, practices, policies and procedures, as asserted herein, DRI has suffered immediate and irreparable harm and has no adequate remedy at law.

64.    Due to the Ada County Coroner's refusal to promptly allow access to the requested records, DRI has been unable to complete its investigation into the suicide of D.T. Furthermore, DRI has been required to devote staff time and effort to repeated attempts to obtain access, thereby incurring expenses that would not have been incurred if the Coroner had complied with DRI's statutory access rights. DRI has thereby lost the opportunity to serve other clients and to address

protection and advocacy services to other issues, further affecting DRI's allocation

of staff resources and causing expense to DRI which would not have been incurred

if the Coroner had complied with DRI's statutory access rights.

65.    Due to the Ada County Coroner's violation of 42 U.S.C. §1983, DRI is

entitled to declaratory and injunctive relief, attorney fees and costs, and other

relief, as set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, DRI requests as follows:

a)    That the Court exercise jurisdiction over this action;

b)    That this Court dismiss the Complaint for Declaratory Relief of Ada

County and the Ada County Coroner dated August 29, 2014 and that they take

nothing thereby;

c)    That the Court enter a declaratory judgment holding as follows:

   1)    That DRI has the right to access the requested records of the

   Ada County Coroner under PAIMI;

   2)    That the Ada County Coroner's actions and inactions violated

   PAIMI; and

   3)    That the Ada County Coroner immediately give DRI access to

   the requested records;

d)    That the Court enjoin the Ada County Coroner, his successors and any

other person acting in concert with the Ada County Coroner or the successor of the

Ada County Coroner regarding the following actions or inactions:

ANSWER AND COUNTERCLAIM – PAGE 18

1)    Failing to provide to DRI any report, document, or other record relating to D.T., including those related to D.T.'s death and any investigation thereof, or relating to any other person who is a client of DRI or whose records DRI is authorized to have access to under PAIMI or other federal law; and

2)    Otherwise interfering with any investigation of abuse and neglect authorized under the PAIMI Act or other federal law;

e)    That the Court, enter a judgment against the Ada County Coroner, pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988(b), awarding attorney fees, costs and expenses incurred by or on behalf of DRI in this action;

f)    That the Court grant such other relief to DRI as may be just, equitable, and appropriate.

Dated this 18th day of September, 2014.

DISABILITY RIGHTS IDAHO, INC.

By:    ___/s/    John C. Hummel_____
            John C. Hummel
            ISB NO. 3646
            Attorneys for Defendant/Counter-Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of September, 2014, I filed the

foregoing Answer and Counterclaim electronically through the CM/ECF system,

which caused the following Counsel for the Plaintiffs to be served by electronic

means, as more fully reflected on the Notice of Electronic Filing:

> Gene A. Petty
> Deputy Prosecuting Attorney
> Civil Division
> Ada County Prosecuting Attorney
> 200 W. Front Street, Room 3191
> Boise, ID 83702
> *gpetty@adaweb.net*

By:  __/s/   John C. Hummel_____
              John C. Hummel