UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN THE MATTER OF DISABILITY RIGHTS IDAHO REQUEST FOR ADA COUNTY CORONER RECORDS RELATING TO THE DEATH OF D.T., _____ ERWIN SONNENBERG, in his official capacity as ADA COUNTY CORONER, and ADA COUNTY, Plaintiffs/Counter-Defendants, v. DISABILITY RIGHTS IDAHO, INC., an Idaho nonprofit corporation, Defendant/Counter-Claimant. | Case No. 1:14-CV-00369-EJL **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Plaintiffs Motion to Remand. (Dkt. 9.) The parties have filed their responsive briefing to the Motion to Remand and the matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument the Court will decide this matter based on the record.

**MEMORANDUM DECISION AND ORDER- 1**

## FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 2014, Plaintiffs, Ada County Coroner and Ada County, initiated this action by filing a Complaint for Declaratory Relief in Idaho state court. The claim relates to requests by the Defendant, Disability Rights Idaho, Inc. (DRI), demanding the Plaintiffs provide certain records relating to the suicide death of an individual, D.T., who had been residing in an inpatient behavioral health unit of an Ada County hospital. Plaintiffs denied the Defendant's request for non-public records and initiated this declaratory judgment action asking for a determination as to whether they are obligated to provided Defendant with the requested records. (Dkt. 1-3.) The claim is brought pursuant to Idaho Code § 1201 *et seq.*, the Uniform Declaratory Judgment Act, and Idaho Rule of Civil Procedure 57. (Dkt. 1-3.) (The Complaint also cites to Idaho Code §§ 10-1210, 12-117, 12-120, 12-121, and "other applicable federal and state laws and/or Rules of Civil Procedure.").

Defendant filed a Notice of Removal bringing the case before this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), 1447(c) based on federal question jurisdiction. (Dkt. 1.) Plaintiffs then filed the instant Motion to Remand arguing the Court has discretion to refrain from deciding this declaratory judgment action because it involves state law issues. (Dkt. 9.) The Court finds as follows.

**MEMORANDUM DECISION AND ORDER- 2**

**DISCUSSION**

**1.     Standard for Removal**

Federal district courts are courts of limited jurisdiction, and are "presumed to lack subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. United States Dep't of Treasury*, 764 F.Supp.2d 1178, 1184 (N.D. Cal. 2011). When an action is removed to federal district court from state court, the district court has "broad discretion" to remand the removed claim or cause of action. 28 U.S.C. § 1452(b); *see also* 28 U.S.C. § 1446(c)(4) (noting that if a court finds "that removal should not be permitted, the court shall make an order for summary remand").

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Here, the Defendant argues a federal question is presented because the claim arises under the United States Constitution and/or federal law pursuant to 28 U.S.C. §§ 1331 and 1332. Federal question removal is appropriate under § 1331 which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States...." 28 U.S.C. § 1441(a). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d

**MEMORANDUM DECISION AND ORDER- 3**

1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In determining whether removal is proper, the Court first considers whether a federal question exists on the face of the plaintiff's well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant."). If a complaint alleges only state law claims and lacks a federal question on its face, then the federal court must grant the motion to remand. *See* 28 U.S.C. § 1447(c); *Caterpillar*, 482 U.S. at 392. There are, however, exceptions when a well-pleaded state law cause of action will be deemed to arise under federal law and support removal such as "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." *ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted). Furthermore, cases "may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393. This is true even when the federal defense is one that can be readily anticipated by the Plaintiff. *Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust of S. Cal.*, 463 U.S. 1, 10 (1983).

If the district court determines that removal was improper, then plaintiff may be awarded costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that

**MEMORANDUM DECISION AND ORDER- 4**

removal was wrong as a matter of law. *Balcorta v. Twentieth–Century Fox Film Corp.*, 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000).

**2.      Analysis**

This is a civil declaratory judgment action brought by Plaintiffs in Idaho state court. (Dkt. 1.) Defendant argues this Court has original jurisdiction because the claim requires a determination as to whether the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI), 42 U.S.C. § 10801 *et seq.*, requires the Ada County Coroner to disclose the records requested by DRI. (Dkt. 15.) Plaintiffs counter that because the Ada County Coroner is not an agency described in PAIMI, 42 U.S.C. § 10806(3), that federal statue does not apply and, therefore, this action is solely a state law matter. (Dkt. 9 at 8.)

The question of whether or not PAIMI applies and its implications to the declaratory judgment claims raised here is not dispositive of the question raised on this Motion to Remand. The presence of a question concerning the application of a federal statute, in this case PAIMI, "in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule-that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court...a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar*, 482 U.S. at 398-99. Similarly, the Defendant's reliance on PAIMI's application to this case is a defense and/or

**MEMORANDUM DECISION AND ORDER- 5**

counterclaim. Any "federal question defendants raise in their counterclaims does not provide a basis for removal." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).[1]

The Court must instead look to the well-plead Complaint itself in ruling on the Motion to Remand. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.[2] In doing so here, the Court concludes that federal question jurisdiction is found on the face of the Complaint. *See* 28 U.S.C. §§ 1331 and 1441.

The Complaint seeks a declaratory judgment determination as to whether or not the Ada County Coroner is required to provided DRI with the requested records and whether such a disclosure would expose the Defendants to liability for violating any privacy rights of any individuals included in those records. (Dkt. 1.) While the Complaint cites only to Idaho state statutes, it makes several references to "federal law." For instance, the Complaint contains statements made in Plaintiffs' letters responding to the Defendant's requests that

---

[1] Plaintiffs' argument that PAIMI does not apply in this case because the Ada County Coroner is not an agency described in 42 U.S.C. § 10806(3) goes to the substance of Defendant's defense/counterclaim. (Dkt. 9 at 7-8.) This Court makes no finding in this Order concerning the question of whether PAIMI applies and/or requires disclosure of the records sought by Defendant in this case.

[2] The *Wilton/Brillhart* doctrine argued by Plaintiffs does not apply to the circumstances in this case. (Dkt. 9.) That doctrine is at play when a federal court is considering whether to exercise its discretion over a federal declaratory judgment action in the face of a pending parallel state court case. Here, there is no other state court case pending. The state court declaratory judgment action has been removed. Thus, the question here is instead whether the claim stated in the Complaint in this case gives rise to federal question jurisdiction.

**MEMORANDUM DECISION AND ORDER- 6**

expressed concerns over violating privacy rights protected under the "Fourteenth Amendment to the United States Constitution" and "Ninth Circuit precedent." (Dkt. 1-3 at ¶ 8, 14.) More importantly, the Complaint's prayer for relief seeks a determination as to whether "providing DRI with the requested records would violate the state *and federal* privacy rights" and declaratory judgment that Plaintiffs are "not required by state *or federal* law to provide DRI records relating to D.T.'s suicide...." (Dkt. 1-3 at ¶¶ 18 and A) (emphasis added.)

The Court finds that these statements in the Complaint, at least at this time, give rise to federal jurisdiction.[3] Specifically, Plaintiffs' request for a determination as to whether either state or federal law require them to disclose the requested records and whether doing so would violate privacy rights protected by both state and federal law. (Dkt. 1-3 at ¶ A.) By so stating in their Complaint, the Plaintiffs have clearly sought a determination concerning their obligations to disclose the records and possible privacy rights violations under both state and federal law. Because federal law has been raised on the face of the Complaint itself, the Court finds federal jurisdiction has been shown in this case. The Motion to Remand is denied.

---

[3] The state law determinations implicated in this case are undoubtedly important ones that may be more appropriate for the state court to rule upon. In the event the basis giving rise to federal jurisdiction in this case are later resolved, this Court may decline to exercise supplemental jurisdiction over any remaining state law claims and remand the case at that time.

**MEMORANDUM DECISION AND ORDER- 7**

## **ORDER**

Based on the foregoing, and being fully advised in the premises, IT IS HEREBY ORDERED that the Motion to Remand (Dkt. 9) is **DENIED**.

IT IS FURTHER ORDERED that any dispositive motion(s) shall be filed by June 15, 2015.

DATED:  **April 29, 2015**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 8**